**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**OSCAR JORGE GONZALEZ**,

      Plaintiff,

-vs-

**MIB, LLC**,

      Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, OSCAR JORGE GONZALEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, MIB, LLC (hereinafter "MIB"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees brought pursuant to the FCRA.

2.      Consumer reporting agencies that create consumer reports, like MIB, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.      When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

1

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

5.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action involves violations of the FCRA.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2), as Defendant is a resident of this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7.      Venue is proper in this District as MIB's principal address is in this District; the violations described in this Complaint occurred in this District; and MIB transacts business within this District.

## PARTIES

8.      Plaintiff is a natural person and resident of Burlington County in the State of New Jersey. He is a "consumer" as defined by the FCRA.

9.      MIB is a corporation headquartered at 50 Braintree Hill, Suite 400 in Braintree, Massachusetts 02184.

10.      MIB is a "consumer reporting agency" as defined in 15 USC § 1681(f). MIB is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.      MIB disburses such background reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

12.     In or about September 2023, Plaintiff submitted an application for life insurance with non-party, Ameritas.

13.     On or about September 6, 2023, Plaintiff's application for life insurance was denied.

14.     Plaintiff contacted Ameritas and was advised the denial was due to medical information contained in his consumer report prepared by MIB.

15.     On or about October 9, 2024, Plaintiff obtained a copy of his consumer report from MIB. Upon review of his MIB consumer report, Plaintiff observed the report incorrectly stated Plaintiff sought or was seeking treatment for alcohol.

16.     Shortly thereafter, Plaintiff contacted MIB to dispute the inaccurate and derogatory reporting.

17.     On or about October 17, 2024, Plaintiff received a letter from MIB confirming receipt of his dispute.

18.     On or about October 25, 2024, Plaintiff received dispute results from MIB which stated the information contained in his consumer report was verified as accurate.

19.     Further, the results stated Plaintiff visited "Rafael Yaakobov" on December 14, 2022, at 64-05 Yellowstone Boulevard, Suite CF 104, Forest Hills, New York, and during that visit Plaintiff advised his provider of alcohol abuse and intentions to start receiving injection treatment.

20.     Plaintiff has never visited the above referenced address, has never received any services or treatment from "Rafael Yaakobov", and has not received any treatment for alcohol abuse.

21.     MIB failed to do any independent investigation into Plaintiff's disputes.

22.     MIB never attempted to contact Plaintiff during the alleged investigation.

23.     Due to the inaccurate reporting, on or about December 5, 2024, Plaintiff mailed a detailed written dispute letter to MIB. Plaintiff advised that there was inaccurate medical history in his consumer report. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting, images of the previous dispute results, images of his Federal Trade Commission Identity Theft Report number 180715301, and other supporting documents.

24.     Plaintiff mailed his detailed dispute letter to MIB via USPS Certified Mail, tracking number 9589 0710 5270 0420 3653 11.

25.     On or about January 13, 2025, Plaintiff received dispute results from MIB which stated the dispute information was deleted.

26.     Further, on or about January 13, 2025, Plaintiff received a copy of his consumer report from MIB. Upon review, Plaintiff observed that the inaccurate and derogatory information referencing alcohol treatment was removed.

27.     MIB clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

28.     As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by MIB's reluctance to fix the errors;

iv.    Inability to benefit from and obtain life insurance;

v.    Apprehensiveness to apply for insurance due to MIB's errors; and

vi.    Defamation as MIB published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, MIB, LLC

29.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30.    MIB violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

31.    MIB allowed inaccurate information to be reported on Plaintiff's consumer file.

32.    Upon information and belief, MIB allowed for a Furnisher to report inaccurate information. MIB failed to have policies and procedures to avoid misreporting medical records.

33.    Upon information and belief, MIB is aware that it has misrepresented medical records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

34.    Upon information and belief, MIB prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

35.    As a direct result of this conduct, action and/or inaction of MIB, Plaintiff suffered damages, including without limitation, loss of ability to obtain life insurance; loss of time; financial

loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for insurance, and the damages otherwise outlined in this Complaint.

36.    The conduct, action, and/or inaction of MIB was willful, rendering it liable for actual or statutory damages and punitive damages, and Plaintiff's costs and attorneys' fees, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

37.    In the alternative, the conduct, action, and/or inaction of MIB was negligent, rendering it liable for actual damages, and Plaintiff's costs and attorneys' fees, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

## COUNT II
### Violation of 15 U.S.C. § 1681i as to
### Defendant, MIB, LLC

38.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

39.    After receiving Plaintiff's disputes, MIB violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

40.    Despite the information provided by Plaintiff regarding the inaccurate reporting, MIB refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

6

41.    Plaintiff provided MIB with the information it needed to confirm the records reported were inaccurate. MIB ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

42.    As a direct result of this conduct, action and/or inaction of MIB, Plaintiff suffered damages, including without limitation, loss of ability to obtain life insurance; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for insurance, and the damages otherwise outlined in this Complaint.

43.    The conduct, action, and/or inaction of MIB was willful, rendering it liable for actual or statutory damages and punitive damages, and Plaintiff's costs and attorneys' fees, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

44.    In the alternative, the conduct, action, and/or inaction of MIB was negligent, rendering it liable for actual damages, and Plaintiff's costs and attorneys' fees, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## DEMAND FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

(1)    Award Plaintiff actual and punitive damages for violations of the FCRA by MIB;

(2)    Award Plaintiff attorney's fees and costs under the FCRA;

(3)    Award Plaintiff pre-judgment and post-judgment interest at the legal rate; and

(4)    Award other relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED**.

DATED this 10th day of July 2025.

Respectfully submitted,

**OSCAR GONZALEZ**

By:

*/s/Kenneth D. Quat*
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com

To be admitted pro hac vice:

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

Leonard A. Bennett, VSB #37523
Mark C. Leffler, VSB #40712
Adam W. Short, VSB #98844
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662- Fax
Email: lenbennett@clalegal.com
Email: mark@clalegal.com
Email: adam@clalegal.com

*Counsel for Plaintiff*

8