# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**OSCAR JORGE GONZALEZ**,

     Plaintiff,

-vs-

     Case No. 1:25-cv-11963-IT

**MIB, LLC**,

     Defendant.

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT MIB, LLC'S MOTION TO DISMISS**

Plaintiff Oscar Jorge Gonzalez, by Counsel, opposes the Motion to Dismiss filed by

Defendant MIB, LLC (ECF 12). For the reasons below, the Court should deny the Motion.

**OVERVIEW**

Disguised as a motion under Rule 12(b)(6), MIB asks the Court to grant it summary

judgment on a one-sided record that contains no countermanding evidence from Plaintiff. Such an

approach is not appropriate under Rule 12(b)(6) for that precise reason—MIB has crafted the

record just as it wants so that it may hopefully convince the Court that Plaintiff's claims have no

merit, but court after court has concluded that questions of reasonableness under the Fair Credit

Reporting Act ("FCRA") are ill-suited for decision on even a complete, and balanced, summary-

judgment record.

On the merits, MIB's arguments fail. Plaintiff has pleaded sufficient facts to raise claims

for relief beyond mere speculation, and those allegations provide MIB with sufficient notice of

Plaintiff's claims. The Rules and pleading standards require nothing more.

At bottom, MIB's Motion conflates pleading a claim with winning that claim. Plaintiff has

certainly pleaded garden-variety FCRA claims, MIB merely claims that Plaintiff cannot win those

claims. Nothing to which MIB points the Court—evidence or cited case—supports pushing aside Plaintiff's factual allegations in favor of dismissal. The Court should therefore deny MIB's Motion.

**FACTUAL BACKGROUND**

In September 2023, Plaintiff submitted an application for life insurance with non-party Ameritas. (ECF 1 ¶ 12.) Shortly thereafter, Ameritas denied that application. (*Id.* ¶ 13.) Plaintiff contacted Ameritas and was advised the denial was due to medical information contained in his consumer report prepared by MIB. (*Id.* ¶ 14.)

In October 2024, Plaintiff obtained a copy of his consumer report from MIB. (*Id.* ¶ 15.) The report contained inaccurate medical history for Plaintiff, as it incorrectly stated he sought or was seeking treatment for alcohol. (*Id.*) Shortly thereafter, Plaintiff contacted MIB to dispute the inaccurate and derogatory reporting. (*Id.* ¶ 16.)

Around October 17, 2024, Plaintiff received a letter from MIB confirming receipt of his dispute. (*Id.* ¶ 17.) Not long after, Plaintiff received dispute results from MIB which stated the information contained in his consumer report was verified as accurate. (*Id.* ¶ 18.) The results stated Plaintiff visited Rafael Yaakobov on December 14, 2022, at 64-05 Yellowstone Boulevard, Suite CF 104, Forest Hills, New York, and during that visit Plaintiff advised his provider of alcohol abuse and intentions to start receiving injection treatment. (*Id.* ¶ 19.) Plaintiff has never visited the referenced address, has never received any services or treatment from Rafael Yaakobov, and has not sought or received any treatment for alcohol abuse. (*Id.* ¶ 20.)

Plaintiff alleges that MIB relied exclusively on the word of Ameritas in processing Plaintiff's dispute, without undertaking any investigation of its own as the FCRA requires. He

alleges MIB failed to do any independent investigation into his disputes by, for example, contacting him during the course of its investigation. (*Id.* ¶¶ 21–22.)

Due to MIB's failure to correct the inaccurate reporting, on or about December 5, 2024, Plaintiff mailed a second detailed, written dispute letter to MIB. (*Id.* ¶ 23.) Plaintiff again advised that there was inaccurate medical history in his consumer report and included an image of his driver's license and Social Security card as proof of identity. (*Id.*) In the letter, Plaintiff included images of the erroneous reporting, images of the previous dispute results, images of his Federal Trade Commission Identity Theft Report number 180715301, and other supporting documents. (*Id.*)

On around January 13, 2025, Plaintiff received dispute results from MIB which stated the dispute information was deleted. (*Id.* ¶ 25.) Around that same time, Plaintiff received a copy of his consumer report from MIB, which finally removed the inaccurate and derogatory information referencing alcohol treatment. (*Id.* ¶ 26.)

As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including money lost by attempting to fix his MIB file, lost time attempting to cure the errors, mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. (*Id.* ¶ 28.) Plaintiff has also suffered inability to benefit from and obtain life insurance, apprehensiveness to apply for insurance due to MIB's errors, and defamation as MIB published inaccurate information to third party entities. (*Id.* ¶ 28.)

LEGAL FRAMEWORK

## I.    Applicable Standards For Motions To Dismiss.

A complaint survives scrutiny under Federal Rule of Civil Procedure 12(b)(6) if it alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

*Laureano v. Rudd*, No. 25-cv-214-JJM-AEM, 2025 WL 3561645, at \*2 (D.R.I. Dec. 12, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's plausibility analysis requires that it "'construe all factual allegations in the light most favorable to the non-moving party.'" *Id.* (quoting *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 7 (1st Cir. 2014)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ultimately, plausibility is unique to the context in which the claims are presented, requiring the Court to draw upon "judicial experience and common sense" in reaching its conclusion. *U.S. Bank, Nat'l Ass'n Tr. to Bank of Am., N.A. v. Millis*, No. CV 25-10373-JCB, 2025 WL 3483913, at \*3 (D. Mass. Dec. 4, 2025).

Rule 12(b)(6) does not contemplate a free-wheeling, record-intensive process. Rather, the Court "may properly consider *only* facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (emphasis added, quotation marks omitted). Courts in this Circuit therefore characterize exceptions to the rule that they may not consider documents in the Rule 12(b)(6) context as "narrow." *Nelson v. Wells Fargo Bank, N.A.*, No. 25-cv-12688-AK, 2025 WL 3458297, at \*1 (D. Mass. Dec. 2, 2025).

A complaint "does not need detailed factual allegations" to overcome a Rule 12(b)(6) attack. *Twombly*, 550 U.S. at 555. Rule 8 confirms as much, as it instructs parties seeking relief to provide just "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Such a statement need only "provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rivera v. Balchem Corp.*, No. CV 25-1056 (CVR), 2025 WL 3443518, at \*1 (D.P.R. Dec. 1, 2025) (quoting *Twombly*, 550 U.S. at 555, cleaned up). "Specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93, (2007).

4

## II.    The FCRA Provisions At Issue.

15 U.S.C. § 1681e(b) is the FCRA's bedrock accuracy provision, providing that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Pleading such a claim requires the plaintiff to allege "that the defendant's failure to use reasonable procedures caused an inaccuracy in its report and that the inaccuracy in turn caused the plaintiff injury." *Ortez v. RentGrow, Inc.*, No. CV 24-10376-FDS, 2024 WL 4349252, at *3 (D. Mass. Sept. 30, 2024).

Section 1681i imposes investigation demands on consumer reporting agencies ("CRAs") like MIB. Under that subsection, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . the agency shall, free of charge, conduct a reasonable reinvestigation" into the dispute. 15 U.S.C. § 1681i(a)(1)(A). As with a Section 1681e(b) claim, a plaintiff must also show that information the CRA reported was inaccurate. *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008). Information is inaccurate if "a jury could find [it was] either false or materially misleading." *McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 96 (1st Cir. 2022) (citing *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008) and *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

While both claims contain reasonableness elements, courts are legion in agreeing that FCRA reasonableness is a jury question. *Barrepski v. Cap. One Bank (U.S.A.) N.A.*, No. CIV.A. 11-30160-NMG, 2014 WL 935983, at *6 (D. Mass. Mar. 7, 2014) (collecting cases so holding); *Valvo v. Trans Union LLC*, No. C.A. 04-70S, 2005 WL 3618272, at *7 (D.R.I. Oct. 27, 2005), *report & recommendation adopted*, No. C.A. 04-70 S, 2006 WL 47445 (D.R.I. Jan. 6, 2006)

(same); *Richardson v. Fleet Bank of Mass.*, 190 F. Supp. 2d 81, 88 (D. Mass. 2001); *Bruce v. First U.S.A. Bank, Nat'l Ass'n*, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000).

ARGUMENT AND AUTHORITIES

**I.      Plaintiff Objects To The Documents MIB Attaches To Its Motion.**

Plaintiff objects to MIB basing its arguments on a host of documents not attached to or incorporated into Plaintiff's Complaint. Such documents are not integral to Plaintiff's Complaint or claims, they are integral to MIB's defenses. They are therefore not properly before the Court in this context. MIB's cited authority, *Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Co.*, 267 F.3d 30 (1st Cir. 2001), confirms as much, as it allows for the narrow exception discussed above where claims in the complaint are "dependent upon" the documents at issue. *Id.* at 33–34.

Here Plaintiff's claims are not dependent upon the documents MIB hopes to use, Plaintiff's allegations regarding those documents merely chronicle events. (ECF 1 ¶¶ 16–19, 23–26.) All MIB challenges as to Plaintiff's claims are the reasonableness elements of his claims (ECF 17 at 5–9), and the documents MIB attaches to its Motion tell the Court nothing about the substance of procedures it had in place or the reasonableness of the investigation it undertook (or did not undertake). The documents are therefore not incorporated into the Complaint such that MIB can overcome the prohibition on the Court's consideration of documents in the Rule 12(b)(6) context.

More problematic for MIB though is that it wants the Court to adopt its *interpretation* of those documents, which MIB believes should result in dismissal. MIB argues, for example:

> The Complaint demonstrates that the furnisher, Ameritas, received the derogatory information about Plaintiff from a particular medical provider, Rafael Yaakobov, based on medical records that the medical provider kept of a visit associated with the Plaintiff on a particular date, December 14, 2022. See Doc. No. 1 at ¶ 19; Doc No. 16-5 at p.1. Prior to receiving Plaintiff's dispute, MIB submitted a request for Ameritas, as the furnisher of the derogatory information, to confirm that "[t]he consumer [listed in the request] is the subject of your MIB report, and [t]he MIB report is documented by [Ameritas'] underwriting file."2 See Doc No. 16-2 at p.1.

6

> Ameritas responded in the affirmative and reiterated that it had appropriately linked this information to the Plaintiff's file after receiving Plaintiff's reinvestigation request. See Doc. No. 1 at ¶ 19; Doc No. 16-3 at p.1; Doc No. 16-5 at p.1.

(ECF 17 at 6.) By MIB's measure, information it placed in letters over which it had complete editorial control and likely suspected might result in a lawsuit foreclose Plaintiff's claims based on MIB's discussion of what those contents mean. These comments run counter to Plaintiff's allegations, making them insufficient to garner dismissal. *Kidd v. Pelletier*, No. 22-cv-562-SM-AJ, 2024 WL 2116632, at \*2 n.3 (D.N.H. Apr. 16, 2024), *report & recommendation adopted sub nom. Kidd v. Mattis*, No. 22-cv-562-SM-AJ, 2024 WL 2112202 (D.N.H. May 10, 2024) (refusing to consider defendants' assertions of fact not contained in plaintiff's complaint).

## II.    Plaintiff Has Plausibly Pleaded A Violation Of 15 U.S.C. § 1681e(b).

MIB incorrectly argues that Plaintiff's Complaint confirms it had in place reasonable procedures to assure accuracy, claiming that just because Ameritas provided the information to MIB and supposedly "linked th[e] information to Plaintiff's file," MIB's procedures were *per se* reasonable. (ECF 17 at 6.) Agreeing with that conclusion requires the Court to not only disregard Plaintiff's well-pleaded facts, but make too much of a leap than the Complaint or Rule 12(b)(6) standards permit.

Contrary to MIB's arguments, Plaintiff has pleaded that it failed to have in place reasonable procedures to assure accuracy. Plaintiff alleges more-than-enough information to provide MIB notice of his claims under Rule 8's low bar:

2.   Consumer reporting agencies that create consumer reports, like MIB, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

20.   Plaintiff has never visited the above referenced address, has never received any services or treatment from "Rafael Yaakobov", and has not received any

treatment for alcohol abuse.

30. MIB violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

31. MIB allowed inaccurate information to be reported on Plaintiff's consumer file.

32. Upon information and belief, MIB allowed for a Furnisher to report inaccurate information. MIB failed to have policies and procedures to avoid misreporting medical records.

33. Upon information and belief, MIB is aware that it has misrepresented medical records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

34. Upon information and belief, MIB prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

(ECF 1.) These allegations plausibly support a claim that MIB failed to have in place reasonable procedures to assure maximum possible accuracy. Plaintiff alleges MIB should not merely "parrot" information from furnishers (*id.* ¶ 2), but should make some effort to confirm the information on its own, such as by contacting Plaintiff (*id.* ¶ 34). Agreeing with MIB requires the Court to not only reject Plaintiff's allegations, but agree that Ameritas is a reliable source of medical-record information, where Plaintiff has alleged that MIB is aware that it misreports such data. (*Id.* ¶ 33.) Neither conclusion is appropriate on a motion to dismiss.

MIB's cited cases do not help its arguments, either. *Pajak v. Rohm & Haas Co.*, 387 F. Supp. 3d 138 (D. Mass. 2019) (ECF 17 at 7) is not an FCRA case, so it offers little utility as to how to plead a Section 1681e(b) claim. *Richardson v. Fleet Bank of Massachusetts*, 190 F. Supp. 2d 81 (D. Mass. 2001) (ECF 17 at 7) supports denial of MIB's Motion, as there the court "decline[d] to say that relying on creditors [which stand in the same shoes as Ameritas here] for accurate credit information constitutes a reasonable procedure as a matter of law where, as here,

the credit reporting agency had reason to know of the dispute between the plaintiffs and Equifax." *Richardson*, 190 F. Supp. 2d at 86. Here the facts are similar, as MIB had reason to suspect that Ameritas provided it inaccurate information because Plaintiff told MIB that very thing. (ECF 1 ¶¶ 16, 23.)

Plaintiff has also alleged learnable information that would show MIB that the information reported about him was inaccurate, namely that he "never visited the above referenced address, has never received any services or treatment from 'Rafael Yaakobov', and has not received any treatment for alcohol abuse." (*Id.* ¶ 20.) Had MIB done something like contact Plaintiff, Plaintiff could have communicated that information to MIB. MIB chose to rely solely on Ameritas instead, but cannot at this stage show that it had reason to believe Ameritas was in any way reliable and that its reliance was therefore reasonable. Courts have found that a plaintiff who pleads such available facts sufficiently alleges that a CRA's procedures were unreasonable. *Ortez v. RentGrow, Inc.*, No. CV 24-10376-FDS, 2024 WL 4349252, at \*3 (D. Mass. Sept. 30, 2024). Contrary arguments like MIB's are not enough to carry the day even on summary judgment absent some showing that the underlying source of information was reliable. *McIntyre v. RentGrow, Inc.*, No. 18-cv-12141-ADB, 2021 WL 3661499, at \*8 (D. Mass. July 22, 2021), *aff'd*, 34 F.4th 87 (1st Cir. 2022) (denying summary judgment to CRA, noting "[t]he record before the Court, however, demonstrates that Defendant is largely unaware of the procedures TU BDS uses to collect its data and that a reasonably jury could arguably find that relying on data acquired by a third party, through unknown procedures, is unreasonable"). The record here is similarly bereft of any evidence that Ameritas is a reliable source of medical records for MIB. Nothing to which MIB directs the Court, improper evidence or caselaw, supports granting its Motion as to Plaintiff's Section 1681e(b) claim.

9

**III.    Plaintiff Has Adequately Pleaded MIB Failed To Reasonably Investigate His Dispute.**

Little is different for MIB's arguments on Plaintiff's Section 1681i claim. All MIB challenges is the reasonableness of its investigation, which requires the Court to engage with similar improper and failed arguments as to the reasonableness of its accuracy procedures. MIB argues its investigation was reasonable, claiming that sending Plaintiff's dispute to Ameritas and waiting to see what Ameritas said was enough. (ECF 17 at 8.) It plainly is not.

Courts have again and again rejected the notion that a CRA's investigation that results in it merely parroting what its source says is sufficiently reasonable. *Huizar v. Equifax Info. Servs. LLC*, No. 4:22-cv-90-PPS, 2025 WL 3181687, at *10 (N.D. Ind. Nov. 14, 2025) (noting, on summary judgment, that "a reasonable reinvestigation under § 1681i(a) requires more of a CRA than 'merely parroting information'") (citing *Moran v. Embark Card Servs., LLC*, No. 25 CV 6017, 2025 WL 2803261, at *4 (N.D. Ill. Oct. 2, 2025) and *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997)); *Moran v. Embark Card Servs., LLC*, No. 25 CV 6017, 2025 WL 2803261, at *4 (N.D. Ill. Oct. 2, 2025) ("Conducting reasonable reinvestigations to comply with § 1681i(a) does require more of CRAs than 'merely parroting information.'"). There are two reasons for this conclusion: first, Section 1681i requires that the CRA conduct its own investigation that is independent of what the furnisher must do. *Compare* 15 U.S.C. § 1681i *with* 15 U.S.C. § 1681s-2(b). Second, any reliance on the furnisher must be supported by some knowledge within the CRA that the furnisher is a reliable source of information. *See Horowitz v. Chex Sys., Inc.*, No. SA CV 22-02002-DFM, 2024 WL 2044058, at *8 (C.D. Cal. Apr. 4, 2024) (refusing to grant CRA summary judgment where, like here, the consumer's second dispute was more detailed than the first, but all the CRA did was forward that dispute to the furnisher and await an answer). Neither is present here.

More pointedly, and again counter to MIB's arguments, Plaintiff has alleged that MIB failed to reasonably investigate his disputes. He asserts:

21. MIB failed to do any independent investigation into Plaintiff's disputes.

22. MIB never attempted to contact Plaintiff during the alleged investigation.

39. After receiving Plaintiff's disputes, MIB violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

40. Despite the information provided by Plaintiff regarding the inaccurate reporting, MIB refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

41. Plaintiff provided MIB with the information it needed to confirm the records reported were inaccurate. MIB ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

(ECF 1.) Since such allegations—that relying on furnishers is not enough—are sufficient to surmount a motion for summary judgment, they are certainly enough to overcome a Rule 12(b)(6) challenge. *Barrepski v. Cap. One Bank (U.S.A.) N.A.*, No. CIV.A. 11-30160-NMG, 2014 WL 935983, at *7 (D. Mass. Mar. 7, 2014) (explaining "the fact that Experian's first investigation consisted of contacting Capital One, even though it was on notice of the prior litigation between Capital One and Plaintiffs, might suggest that it was negligent pursuant to section 1681i" (citing *Murphy v. Midland Credit Mgmt.*, 456 F. Supp. 2d 1082, 1091 (E.D. Mo. 2006)). Though MIB again relies on *Richardson* as support for its arguments (ECF 17 at 9), that case is more help to Plaintiff because there, the Court denied the CRA's request for summary judgment on Richardon's Section 1681i claim because all the CRA did to investigate was parrot what the furnisher told it.

11

*Richardson*, 190 F. Supp. 2d at 88 ("Despite the plaintiffs' repeated complaints, Equifax continued to rely solely upon the information provided by Fleet when it investigated the plaintiffs' complaints in November 1997 and September 1999. Thus, genuine issues of material fact exist as to whether Equifax fulfilled its duty to reinvestigate pursuant to section 1681i."). Nothing is different here, making denial of MIB's Motion equally appropriate.

**IV.     Should The Court Believe MIB's Motion Has Merit, It Should Nonetheless Grant Plaintiff Leave To Amend.**

Should the Court find merit to MIB's Motion, it has the authority to permit Plaintiff to amend his Complaint rather than dismissing his claims outright. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (citing with approval *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Here, there can be no reasoned argument that an amendment would be futile. Plaintiff can plead additional facts regarding MIB's improper reliance on Ameritas as a source of information, the impropriety of parroting, and lax procedures to ensure accuracy. The Court should permit Plaintiff to assert those allegations rather than dismissing his Complaint with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court should deny MIB's Motion to Dismiss.

Dated: December 18, 2025

Respectfully submitted,

**OSCAR JORGE GONZALEZ**

    */s/Leonard A. Bennett*
Leonard A. Bennett, VSB #37523
Mark C. Leffler, VSB #40712

12

Adam W. Short, VSB #98844
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662- Fax
Email: lenbennett@clalegal.com
Email: mark@clalegal.com
Email: adam@clalegal.com


Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com

To be admitted pro hac vice:

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*Counsel for Plaintiff*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2025, this document was filed through the Court's CM/ECF system, which will cause notice of such filing to be electronically served on all counsel of record.

/s/ Leonard A. Bennett
Leonard A. Bennett

14