UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OSCAR JORGE GONZALEZ | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-11963-BEM |
| MIB, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

MURPHY, J.

This is an action arising out of two alleged violations of the Fair Credit Reporting Act ("FCRA").  Plaintiff Oscar Jorge Gonzalez alleges Defendant MIB, LLC, a consumer reporting agency, failed to follow reasonable procedures when it created a consumer report about Plaintiff, leading to inaccurate information in the report.  Plaintiff also alleges that upon notifying Defendant of errors in the report, Defendant failed to employ reasonable procedures in its reinvestigation. For the reasons set forth below, the Court will deny Defendant's motion to dismiss.

I.      **Background**

The Court draws the following facts from Plaintiff's complaint, Dkt. 1 ("Complaint" or "Compl."), and accepts them as true for purposes of the instant motion.

The facts are simple.  In 2023, Plaintiff, a New Jersey resident, applied for life insurance, but on September 6, 2023, his application was denied.  *Id.* ¶¶ 12–13.  Upon investigation, Plaintiff learned the denial was due to certain medical information contained in a consumer report prepared

by Defendant, a Massachusetts-based corporation.  *Id.* ¶¶ 9, 14.  That report had indicated Plaintiff "sought or was seeking treatment" for alcohol abuse.  *Id.* ¶ 15.  But that was not true.  *Id.*

Plaintiff disputed the information in his report and on October 17, 2024, received confirmation that Defendant was aware of his dispute.  *Id.* ¶ 17.  Defendant did not contact Plaintiff during its reinvestigation.  *Id.* ¶ 22.  On October 25, 2024, Defendant told Plaintiff that "the information contained in his consumer report was verified as accurate."  *Id.* ¶ 18.  As proof of the report's accuracy, Defendant informed Plaintiff that he had previously visited a New York doctor in December 2022 to discuss alcohol abuse treatment.  *Id.* ¶ 19.  Once again, that was not true.  *Id.* ¶ 20.

On December 5, 2024, Plaintiff again challenged the report's contents by sending a written dispute letter to Defendant, along with copies of his driver's license and Social Security card.  *Id.* ¶ 23.  He also included images of an identity theft report he submitted to the Federal Trade Commission.  *Id.*  On or about January 13, 2025, Defendant told Plaintiff it had deleted the inaccurate information from the report, which Plaintiff later confirmed.  *Id.* ¶¶ 25–26.

Plaintiff alleges that, due to Defendant's actions, among other injuries, he suffered damages in "postage paid, wasted ink and paper, and wasted time," "mental anguish," and "other related impairments to the enjoyment of life" along with an "inability to benefit from and obtain life insurance."  *Id.* ¶ 28.

Plaintiff filed his Complaint on July 10, 2025.  *See generally id.*  Plaintiff claims Defendant violated the FCRA, 15 U.S.C. § 1681, twice.  First, he alleges Defendant violated 15 U.S.C. § 1681e(b) ("section 1681e(b)") by failing to establish or follow reasonable procedures to ensure accuracy in its preparation of consumer reports.  *Id.* ¶¶ 29–37.  Second, Plaintiff claims Defendant violated 15 U.S.C. § 1681i ("section 1681i") by failing to conduct a reasonable reinvestigation into

2

Plaintiff's dispute and failing to maintain reasonable procedures in its reinvestigation. *Id.* ¶¶ 38–44.  Defendant filed its motion to dismiss on October 29, 2025.  Dkt. 15; *see also* Dkt. 17 ("Memo.").  Plaintiff filed his opposition on December 22, 2025.  Dkt. 28.  On June 24, 2026, the case was reassigned to this Court.  Dkt. 29.

## II.    <u>Standard of Review</u>

Courts analyzing claims under Federal Rule of Civil Procedure 12(b)(6) must determine whether a plaintiff's factual allegations—disregarding all "conclusory" statements—"state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making its determination, a court must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor."  *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).  At the pleading stage, a plaintiff need not demonstrate that he is likely to prevail, but the "claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'"  *García-Catalán v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).  "The inquiry is usually limited to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice," *Whelden v. U.S. Bank Nat'l Ass'n*, 494 F. Supp. 3d 68, 73 (D. Mass. 2020) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)), "but the court may also consider other documents the authenticity of which is not disputed by the parties, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint," *id.* (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

## III.    <u>Discussion</u>

### A.    <u>Violation of Section 1681e(b) (Count I)</u>

Plaintiff alleges Defendant violated section 1681e(b) by including inaccurate information about alcohol abuse treatment in his report, which, among other alleged injuries, prevented him from enrolling in a life insurance plan.  Compl. ¶¶ 15, 19, 28.  This injury, Plaintiff alleges, was

caused by Defendant's failure to use reasonable procedures to determine the accuracy of its consumer report. *Id.* ¶¶ 29–37. In its motion to dismiss, Defendant does not challenge the inaccuracy of the report or Plaintiff's alleged injuries. Rather, Defendant disputes Plaintiff's allegations that Defendant failed to use reasonable procedures in creating the report. Memo. at 5–7.

The FCRA "seeks to ensure 'fair and accurate credit reporting.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016) (quoting 15 U.S.C. § 1681(a)(1)). To that end, "the Act requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of' consumer reports." *Id.* at 335 (quoting 15 U.S.C. § 1681e(b)). "A claim under [section] 1681e(b) has four elements: '(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'" *McIntyre v. RentGrow, Inc.*, 2021 WL 3661499, at *7 (D. Mass. Jul. 22, 2021) (quoting *Richardson v. Fleet Bank of Mass.*, 190 F. Supp. 2d 81, 85 (D. Mass. 2001)), *aff'd*, 34 F.4th 87 (1st Cir. 2022). Defendant disputes only the second element, the reasonableness of its procedures. Memo. at 5–7.

Here, Plaintiff alleges sufficient facts to create a plausible inference that Defendant's procedures were not reasonable enough "'to assure maximum possible accuracy' in its reports." *Ortez v. RentGrow, Inc.*, 2024 WL 4349252, at *3 (D. Mass. Sept. 30, 2024) (quoting 15 U.S.C. § 1681e(b)). The Complaint states that Defendants "allowed inaccurate information to be reported on Plaintiff's consumer file," "allowed for a Furnisher to report inaccurate information," and "failed to have policies and procedure to avoid misreporting medical records." Compl. ¶¶ 30–32. Furthermore, Plaintiff alleges Defendant "is aware that it has misrepresented medical records on

consumers" but does not "enforce proper polices and procedures to prevent such error." *Id.* ¶ 33. All told, these alleged facts establish a plausible inference that Defendant's procedures were not sufficiently reasonable to avoid inaccurate reporting.

Another reason militates against dismissal. In the face of Plaintiff's plausible allegations, the fact-intensive question of reasonableness is inappropriate for resolution at the motion to dismiss stage. *See e.g.*, *Swafford v. RentGrow, Inc.*, 2026 WL 1786443, at *5 (D. Mass. June 22, 2026) ("The reasonableness of a CRA's procedures is generally a question of fact for a jury."). Defendant's citations to multiple summary judgment decisions, where courts possessed the benefits of a full factual record, only reinforce this point.[1] Defendant's lone citation to a decision on a motion to dismiss is unavailing. *See Ortez*, 2024 WL 4349252, at *4 (denying the motion to dismiss with regards to section 1681e(b) because the "facts taken together support[ed] a plausible inference" that the credit reporting agency had not instituted reasonable procedures). Accordingly, Defendant's motion to dismiss Count I is denied.

### B.     Violation of Section 1681i (Count II)

Plaintiff also alleges that, after he informed Defendant of the inaccuracy, Defendant's reinvestigation failed to employ reasonable procedures in violation of section 1681i. Compl. ¶¶ 38–44. Here again, Defendant disputes that it failed to utilize reasonable procedures. Memo at 7–9.

"The elements of a claim of noncompliance with [section] 1681i are comparable to those of a claim of noncompliance with [section] 1681e(b)." *Swafford*, 2026 WL 1786443, at *8. Under section 1681i, however, "'[t]he decisive inquiry' is whether the defendant credit bureau could have

---

[1] Defendant cites to *Richardson v. Fleetbank of Massachusetts*, 190 F. Supp. 2d 81 (D. Mass. 2001) (granting in part and denying in party summary judgment) and *McIntyre v. RentGrow, Inc.*, 2021 WL 3661499 (D. Mass. Jul. 22, 2021) (affirming grant of summary judgment).

uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (quoting *Cushman, v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

The Complaint lays out sufficient facts to infer that Defendant failed to reasonably reinvestigate. Plaintiff alleges Defendant did not perform an independent investigation of the alleged inaccuracies in his report. Compl. ¶¶ 21, 40. Defendant did not independently contact Plaintiff or other witnesses. *Id.* ¶¶ 22, 39. Instead, upon learning of an inaccuracy, Defendant relied on an outside furnisher to verify its own data without offering the plaintiff an opportunity to rebut these assertions despite a detailed claim of error.[2] *Id.* ¶ 40; *see also Richardson*, 190 F. Supp. 2d at 88 ("[Defendant] continued to rely solely upon the information provided by [furnisher] when it investigated the plaintiffs' complaints . . . . Thus, genuine issues of material fact exist as to whether [defendant] fulfilled its duty to reinvestigate pursuant to section 1681i."). Plaintiff also alleges that Defendant "prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute." Compl. ¶ 34. Taken together, these allegations support the plausible inference that Defendant's reinvestigation did not utilize reasonable procedures.

Furthermore, as with section 1681e(b), "the question of whether a CRA's reinvestigation is reasonable under [section] 1681i is generally one of fact for a jury." *See Swafford*, 2026 WL 1786443, at *8 (first citing *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 817 (7th Cir. 2023); then citing *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021)). Here again,

---

[2] This allegation is made worse by the fact that Defendant admits it not only put reinvestigation responsibility on a furnisher, but that furnisher was, in fact, the very same one who supplied the inaccurate information in the first place. *See* Memo. at 6.

6

Defendant cites cases in later stages of litigation with fully-developed factual records.[3]  In the sole motion to dismiss decision cited by Defendant, *Henson v. CSC Credit Services*, the Seventh Circuit did not actually rule on the merits of the section 1681i claim—instead it remanded for further proceedings.  29 F.3d 280, 287 (7th Cir. 1994).[4]  Just as with Plaintiff's section 1681e(b) claim, it would be inappropriate, at this early stage of litigation, to decide such a fact-intensive question where Plaintiff otherwise plausibly states a claim under section 1681i.  Accordingly, Defendant's motion to dismiss Count II is denied.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendant's motion to dismiss is DENIED.[5]

**So Ordered.**

<table>
<tr><td></td><td>/s/ Brian E. Murphy</td></tr>
<tr><td></td><td>Brian E. Murphy</td></tr>
<tr><td>Dated: July 2, 2026</td><td>Judge, United States District Court</td></tr>
</table>

---

[3] Defendant cites to *Barrepski v. Capital One Bank (U.S.A.) N.A.*, 2014 WL 935983 (D. Mass. Mar. 7, 2014) (recommending grant of summary judgment), *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603 (7th Cir. 2005) (affirming grant of summary judgment), and *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001) (vacating jury trial damages award).

[4] In that same case, the Seventh Circuit affirmed dismissal under section 1681e(b).  *Henson*, 29 F.3d at 286. But the Seventh Circuit did so on the grounds that the credit report was not inaccurate, not on the reasonableness of the credit reporting agency's policies.  *Id.*

[5] The Court came to its decision without relying upon the exhibits attached to Defendant's motion to dismiss. However, even if the Court had considered the documents, it would be required to view them in the light most favorable to Plaintiff.  *See e.g.*, *Sullivan v. etectRx, Inc.*¸ 67 F.4th 487, 491 (1st Cir. 2023).  Using that interpretive lens, the attached exhibits do not forestall the plausible inference that Defendant failed to utilize reasonable procedures.